REUBEN RATCLIFF *v.* F. R. KITCHEN.

**Boundaries—Natural Objects.**

Where a water shed on a certain ridge is adopted by the grantor and the grantee as a corner of a certain survey, such natural object will control in the absence of a marked line, and courses and distances must give way to it.

APPEAL FROM CARTER CIRCUIT COURT.

September 16, 1873.

OPINION BY JUDGE PETERS:

The deed under which appellant claims calls to run from the foot of the hill on the north side of Bell's tract, "N. 32 E. 200 poles to a stake on the top of the ridge between the waters of the Lost Fork, Bell's tract, and the Wolf Pen branch."

The ridge or point on which the court below adjudged the corner to be is the only point to be found where the waters run to the *lost fork, Bell's tract and the Wolf pen branch.* This is proved by appellant himself, but to run the course and distance called for in the deed, that point will not be reached.

There is no evidence in the record that the line· between the points designated is marked, and it may be inferred that it never was actually run. This point on the ridge heretofore described was adopted by the grantor and grantee in the deed to Watson as a corner to his survey. It is a natural object, permanent and fixed, and its location identified by unchangeable and unerring facts. This, then, must control in the absence of a marked line, and courses and distances yield to it.

Wherefore, as the judgment conforms to the law of the case, the same must be *affirmed*.

*Dulin, for appellant.*

*J. R. Botts, for appellee.*